UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRANCE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>RIMON LAW, et al.,<br><br>    Defendants. | Case No. 23-cv-04062-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)**<br><br>Re: Dkt. No. 1 |

The Court previously granted Plaintiff Turner's application to proceed *in forma pauperis*. [Dkt. 6]. The Court now undertakes a determination of whether the complaint [Dkt. 1] must be dismissed pursuant to the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint and for the reasons set forth below, the Court **DISMISSES WITHOUT PREJUDICE** the complaint pursuant to § 1915(e)(2)(B). The Court **ORDERS** that the **DEADLINE** for Plaintiff Turner to file an amended complaint **is Monday, November 13, 2023** (that is, thirty (30) days from the date of this Order). Because this is a *pro se* action, the Court provides **NOTICE** that if Plaintiff Turner does not file an amended complaint within this deadline, there will arise a risk of dismissal of this action with prejudice.

# BACKGROUND

On August 10, 2023, Plaintiff filed his civil complaint in this action against numerous defendants: Rimon Law; Quandrant, Inc.; USSOCOM; FBI; CIA; Secret Service; IRS; SEC; and DHS. [Dkt. 1 at 2]. Plaintiff alleges that this Court has jurisdiction according to: "U.S. Jurisdiction Common Law; Breach of Contract; U.S. Business Law; U.S. Contract Law; Uniform Commercial Code; Fraud Statutes; Criminal Code; UCMJ; Conspiracy Statutes; Sec. 802 & Sec 808; H.R. 3162; H.R. 6166; 18 U.S.C. § 241; 1592 18 U.S.C. § 371; 18 U.S.0 §§ 1001 1040, 1039, 1038, 1032, 1031; and Negligence". *Id.* at 3 (quoting Plaintiff's bases for jurisdiction from the complaint.).

Plaintiff alleges the following text in the section of the complaint for his statement of claim:

> Extortion, Bribery, Illegal Bribe, Attempt to form conspiracy to defraud a company, Attempt to form conspiracy to construct corporate sabotage and theft of goods and resources abundant. Quandrant Inc, represents this law firm. The first question that I am asked, as well as syntax spoken to is, "do you have a book of business". Before the guy says my name or performs a single salutation, the question I get is "Hi, do you have a book of business, it's for our client....(long motherfuckin' pause)". These days, you need to move the conversation forward in a good perceived cooperative fashion or these people are going to hang up on you. I say "OH OH, my gawd, you mean, the law firm………wants me, to snatch a client or two, BEFORE, I become on board, NOW…………is there just

Dkt. 1 at 4 [sic].

The complaint sets forth the following text in the section on the relief sought:

> one client? or is there like a two client minimum requirement". The guy literally exhales a sigh of relief (I only know this because I watch tv), and then says "RIGHT, we have a minimum buy in, now you need a minimum amount". I say "How much". He sighs in exhale relief again. He says "Okay, SIX HUNDRED THOUSAND". I say "IN MUTHAFUCKIN' BILLABLES!!?". The guy DROPS THE PHONE, and says "FINALLY…….some one…….who knows what I am talking about........okay you're legit, I will tell you who the client is, they are in Sacremento, all over the world, and San Francisco and Washington D.C.". I say "Great great, now, um, are they gonna take all my money?". He says "No no, you get to keep 70% of it". I say "nigga ......... come on". He says "NO NO THIS IS REAL…..THIS IS REAL…….70%, I know, YOU KNOW, what that's like". I say "well, I mean". He says "RIGHT, now one is letting you keep your billables, NOW you just need, half a million in billable clients and YOU GET TO KEEP MORE THAN HALF". I say "well, I mean, how is that like, um, like um, why don't I just keep the clients OR how do I know, these people won't steal the clients from me?". He says "Okay, it's a

1
2
3

> base salary, and that's a small amount, but it's 70% of the bill rate". I say "What about my NOA and Non-competes". He says "Um, there are people that said, things like that, but I just said that they were making it up, THE CLIENT SAYS, any good lawyer, KNOWS HOW TO BREAK THOSE AND KEEP THE CLIENT YOU ARE A GOOD LAWYER THAT'S WHY I AM TALKING TO YOU!!"

Dkt. 1 at 4−5 [sic].

Contemporaneous with the filing of the complaint in this action, Plaintiff moved to proceed *in forma pauperis*. [Dkt. 2]. The Court granted Plaintiff's motion to proceed *in forma pauperis*. [Dkt. 6]. Plaintiff has consented to Magistrate Judge Jurisdiction. [Dkt. 5].

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). Additionally, a *pro se* plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## DISCUSSION

### I. WHETHER THE COMPLAINT IS "FRIVOLOUS"

Under section 1915, the legal standard for whether a complaint is "frivolous" is well-known: a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A complaint should be dismissed as "frivolous" under section 1915 if there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous under section 1915 review where subject matter jurisdiction is lacking). In *Pratt*, the Ninth Circuit noted the distinction between section 1915's "frivolousness" review for lack of subject matter jurisdiction as compared to section 1915's review for failure to state a claim. *Pratt*, 807 F.2d at

819.  "[F]ederal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction." *Id.*  "Dismissal for want of jurisdiction may occur, however, where a claim is 'wholly insubstantial and frivolous.'" *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).  Accordingly, the Court reviews the issue of subject matter jurisdiction (or lack thereof) as part of the "frivolousness" prong of section 195.

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: typically cases involving a "federal question" or involving "diversity of citizenship." *Id.*  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

Courts may have federal subject matter jurisdiction under a "federal question" pursuant to 28 U.S.C. § 1331.  Section 1331 indicates federal courts shall have jurisdiction over civil actions "arising under the Constitution, laws or treaties of the United States."  "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).  In other words, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014).

Here, Plaintiff's complaint, liberally construed, fails to sufficiently allege federal subject matter jurisdiction based on a federal question.  The complaint avers without explanation that the Court has federal jurisdiction through section 1331.  [Dkt. 1 at 3].  However, in the specific alleged violations, as quoted above, Plaintiff's complaint alleges only that the Defendant Quandrant (a private entity) somehow harmed Plaintiff with regard to some form of contractual violations. *Id.* Common law breach of contract or other contract-based causes of action against a private party are governed by state law, not federal law. *See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  Furthermore, Plaintiff, in the "nature of the suit" section of the

4

*pro se* civil cover sheet, indicates the instant action relates to contract violations. [Dkt. 1-1]. Even liberally construing the complaint, there is no federal question alleged of any kind.

Further, taking into consideration the liberal construction requirements, the Court finds that the complaint has no allegations or pleading that any of the federal agency defendants committed the alleged breach of contract or other asserted torts. [Dkt. 1 at 3]. While a breach of contract claim by a private party against the government may be filed in the Federal Court of Claims (*see* 28 U.S.C. § 1491), here the complaint lacks any allegations to describe (or even infer) that the plaintiff entered into a contract with the United States. As such, Plaintiff's complaint fails to sufficiently allege federal question jurisdiction pursuant to section 1331.

Separate from federal question jurisdiction, federal district courts may have "diversity jurisdiction" pursuant to 28 U.S.C. § 1332. Section 1332 grants jurisdiction over lawsuits where the Plaintiff's citizenship is diverse from a Defendant's citizenship and where the Plaintiff pleads an "amount in controversy" in excess of $75,000. "The amount in controversy 'encompasses all relief a court may grant . . . if the plaintiff is victorious,' and represents 'the maximum recovery the plaintiff could reasonably recover[.]'" *Townsend v. J.B. Hunt Transp. Servs. Inc.*, No. 23-55044, 2023 WL 2301438, at *1 (9th Cir. Mar. 1, 2023) (citations omitted). While a Plaintiff must not recite a "magic incantation" to properly allege the amount in controversy, the Plaintiff must still provide a factual basis for the amount in controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (remanding a removed case back to state court for failure to adequately state the amount in controversy because Plaintiff "offered no facts whatsoever to support the court's exercise of jurisdiction."). The Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*[.]'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004).

Here, Plaintiff's complaint fails to adequately plead an amount in controversy to properly aver jurisdiction through diversity. In the *pro se* civil cover sheet for the complaint, Plaintiff alleges $100,000,000 in damages, but the text of the complaint itself does not address this amount. [Dkt. 1-1]. In the factual section, Plaintiff alleges that he discussed the amounts of $600,000 and $500,000 with Defendant Quandrant, but it is unclear whether those amounts are the basis for, or substantively

5

related to, the relief sought. [Dkt. 1 at 4–5]. As set forth in the quoted section from the complaint above, there are no allegations which explain the amount of damages sought, and certainly no averments supporting a request for damages in excess of $75,000. *Id.* A complaint which simply states, without more, that a plaintiff is entitled to monetary damages does not satisfy the pleading requirement for the amount in controversy under section 1332. *See Gaus*, 980 F.2d at 567. Accordingly, the complaint as drafted does not sufficiently allege diversity jurisdiction pursuant to section 1332 as it fails to meet the amount-in-controversy requirement.

Finally, Plaintiff's complaint lists twenty-one different areas of law, codes, statutes, House of Representative Bills, and federal statutory sections, but none of those appear to confer jurisdiction to hear the matter. As discussed above, there are no detailed allegations tying any of those statutes, regulations, or asserted legal bases to the allegations regarding some form of contract dispute with Quandrant. Accordingly, the complaint fails to sufficiently allege subject matter jurisdiction is conferred by any of the listed areas of law, even liberally construed.

Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as "frivolous" for lack of subject matter jurisdiction pursuant to section 1915.

## II.   FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

The Court finds Plaintiff's complaint fails to state a claim upon which relief may be granted. Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2000). In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under this familiar test for the sufficiency of a complaint, "[t]he Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required, but "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). In other words, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

While Plaintiff is proceeding *in propria persona*, the Court recognizes that "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see Rose v. Facebook, Inc.*, No. 23-CV-04128-PHK, 2023 WL 6519274, at *2 (N.D. Cal. Oct. 5, 2023). The Court finds, for the reasons explained below, that the complaint fails to state a claim upon which relief can be grated, due to insufficient pleading. *Rotman*, 680 F.3d at 1121 (citing *Iqbal*, 556 U.S. at 678).

Plaintiff's complaint, liberally construed, fails to properly state a claim as it fails to afford Defendants notice of which statutes they are allegedly violating. A complaint must give a defendant fair notice of the Plaintiff's claims. *Twombly*, 550 U.S. at 555. Plaintiff cites to twenty-one different areas of law, codes, statutes, House of Representative Bills, or federal statutory sections as allegedly the legal bases for his claims. *See* Dkt 1. Further, Plaintiff alleges that nine different Defendants caused him harm. *Id.* However, the complaint does not indicate which defendant is responsible for which of the alleged twenty-one violations of law. *Id.* As noted, the complaint cover sheet indicates that the cause of action here relates to an asserted breach of contract. However, the complaint fails to identify which Defendant entered into a contract with Plaintiff, which Defendant breached any such contract, or how any such breach of contract relates to the federal statutes, regulations, or other cited sources of law. As discussed above, at best the complaint appears to assert some form of contractual dispute with regard to defendant Quandrant, but that pleading (as quoted above) is charitably described as confusing. If the complaint intends to assert violations of a statute (in

7

1  addition to or instead of common law breach of contract), Plaintiff's factual allegations do not
2  provide any indication of which statute Defendants violated or how any such violations occurred.
3  And as analyzed above, if the complaint intends to assert breach of contract causes of action, the
4  complaint's factual allegations do not provide sufficient indication as to which contract was entered
5  into by which Defendant, and whether or how each such Defendant breached any such contract.  As
6  the quoted text from the complaint above demonstrates, the allegations are insufficiently detailed
7  and somewhat cryptic, and thus the complaint fails to provide adequate notice of the claims to
8  Defendants.

Further, because the complaint lacks pleading with regard to most of the named defendants, the complaint fails to provide notice of the nature of the claims as to those parties.  A complaint must plead facts to establish that each named Defendant engaged in a legally cognizable violation. *Rotman*, 680 F.3d at 1121 (citing *Iqbal*, 556 U.S. at 678).  The complaint does not allege any facts concerning any actions (or failures to act) by Rimon Law, the "USSOCOM," "FBI," "CIA," "Secret Service," "IRS," "SEC," and "DHS."  [Dkt. 1 at 1–2].  The complaint's factual statement only has allegations naming Defendant Quandrant.  [Dkt. 1 at 4].  The complaint explicitly lists out the other Defendants, but it does not plead any factual bases that any of these other Defendants engaged in any acts that would constitute a legally cognizable harm to Plaintiff.  *See id*.  Other than naming the federal government entities by acronyms in the header of the complaint, the complaint has no explanation (even liberally construed) as to how any of these entities could in any way be liable to plaintiff.  [Dkt. 1 at 2 ("USSOCOM," "FBI," "CIA," "Secret Service," "IRS," "SEC," and "DHS.")].  Thus, with regard to all defendants (other than Quandrant), for this additional reason the complaint fails to state a claim as to those defendants.  *Twombly*, 550 U.S. at 562.

### III. WHETHER THE COMPLAITN SEEKS MONETARY RELIEF AGAINST DEFENDANTS IMMUNE FROM SUCH RELEIF

The complaint "seek[s] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii).  Absent waiver, the federal government has sovereign immunity with regard to private citizens' lawsuits for monetary damages.  *Lane v. Pena*, 518 U.S.

187, 192 (1996). Waiver of sovereign immunity must be express, in order for the United States (or its agencies) to be held to have consented to suit. *Id.* A Plaintiff bears the burden of showing that the government has waived sovereign immunity. *See Sopcak v. Northern Mountain Helicopter Service*, 52 F.3d 817, 818 (9th Cir. 1995).

Here, Plaintiff seeks monetary damages from several federal governmental agencies and entities. [Dkt. 1 at 4–5]. Specifically, Plaintiff apparently names the following governmental agencies from the face of the complaint and apparently seeks monetary damages from each of them: the "USSOCOM," "FBI," "CIA," "Secret Service," "IRS," "SEC," and "DHS." [Dkt. 1 at 2]. The complaint contains no averments to show that the federal government has waived sovereign immunity with regard to the claims in this complaint. As discussed above, the complaint's pleadings with regard to the governmental entities is entirely lacking.

Accordingly, and for the reasons stated herein, the Court hereby **DISMISSES WITHOUT PREJUDICE** the complaint pursuant to the mandatory screening requirements of section 1915(e)(2)(B)(i)–(iii). Plaintiff Turner is granted leave to file an amended complaint on or before November 13, 2023. If Plaintiff does not file an amended complaint within the deadline, the Court advises Plaintiff of the risk of dismissal of this case with prejudice.

## IV. ADVISEMENT OF PRO SE RESOURCES

Plaintiff is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/.

...

## CONCLUSION

The Court **DISMISSES WITHOUT PREJUDCIE** Plaintiff's complaint [Dkt. 1]. The **DEADLINE** for Plaintiff to file an amended complaint is hereby **SET for November 13, 2023.**

**IT IS SO ORDERED.**

Dated: October 12, 2023

_____
PETER H. KANG
United States Magistrate Judge